IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| NORMA PICKARD SAMUEL, individually and as a St. Thomas candidate for Delegate to Congress, WILMA MARSH-MONSANTO, individually and as a St. Thomas candidate for Senate-at-Large, LAWRENCE OLIVE, individually and as a St. Thomas candidate for the 30th Legislature, DIANE MAGRAS, individually and as a St. Thomas candidate for Board of Elections, and HARRIET MERCER, individually and as a St. Thomas candidate for Board of Elections,<br><br>     Plaintiffs,<br><br>vs.<br><br>VIRGIN ISLANDS JOINT BOARD OF ELECTIONS, ST. CROIX BOARD OF ELECTIONS, ST. THOMAS-ST. JOHN BOARD OF ELECTIONS, JOHN ABRAMSON, JR., as supervisor of elections, RUPERT ROSS, JR., as chairman of the St. Croix Board of Elections, ALECIA WELLS, as chairwoman of the St. Thomas-St. John Board of Elections,<br><br>     Defendants. | Civil No. 2012-94 |

**ATTORNEYS:**

**Norma Pickard-Samuel**
St. Thomas, U.S.V.I.
 *Pro se plaintiff*,

**Wilma Marsh-Monsanto**
St. Thomas, U.S.V.I.
 *Pro se plaintiff*,

**Lawrence Olive**
St. Thomas, U.S.V.I.

      *Pro se plaintiff*,

**Diane Magras**
St. Thomas, U.S.V.I.
      *Pro se plaintiff*,

**Harriet Mercer**
St. Thomas, U.S.V.I.
      *Pro se plaintiff*,

**Tamika M. Archer, Esq.**
**Ariel Smith-Francois, Esq.**
St. Thomas, U.S.V.I.
      *For the Virgin Islands Joint Board of Elections, St. Croix Board of Elections, St. Thomas-St. John Board of Elections, John Abramson, Jr., Rupert Ross, Jr., and Alecia Wells.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of Norma Pickard Samuel, Wilma Marsh-Monsanto, Lawrence Olive, Diane Magras, and Harriet Mercer ("the plaintiffs") for recusal of the undersigned district judge.

The plaintiffs filed an amended complaint in this matter on December 21, 2012. In the amended complaint, the plaintiffs petitioned for a temporary restraining order to enjoin the January 8, 2013, swearing-in of the Virgin Islands' newly elected officials, claiming violations of election laws of the Virgin Islands. The plaintiffs also sought a preliminary injunction. The undersigned denied the petition for a temporary restraining order on December 28, 2012.[1]

Thereafter, on January 2, 2013, the plaintiffs filed a motion for recusal of the undersigned district judge under 28 U.S.C. § 455 ("Section 455"). As the date of the swearing-in ceremony was fast-approaching, the undersigned noted the necessity of ensuring that the plaintiffs' motion

---

[1] The December 28, 2012, order was subsequently amended to correct a clerical error.

for preliminary injunction was promptly addressed. As such, the undersigned reassigned this matter to District Judge Raymond L. Finch prior to addressing the motion to recuse.[2]

Although Judge Finch is now presiding over this matter, the undersigned must decide the motion for recusal. Indeed, the responsibility for deciding a Section 455 motion to recuse lies with the judge to whom the motion is directed. *In re Kensington Intern. Ltd.*, 353 F.3d 211, 223 n.12 (citing *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994)); *cf.* 28 U.S.C. § 144 (requiring "another judge" to rule on a motion to recuse if a party seeking recusal "makes and files a timely and sufficient" supporting affidavit).

Section 455 provides, in pertinent part, that

> (a) Any justice, judge, or magistrate judge of the United States *shall disqualify himself* in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also *disqualify himself* in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>
>> . . . .
>>
>> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
>>
>> . . . .
>>
>>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>>
>>> . . . .

28 U.S.C. § 455 (a), (b) (emphasis added).

---

[2] On January 4, 2013, Judge Finch held a hearing on the plaintiffs' motion for a preliminary injunction. In a memorandum opinion and an order, both issued on January 6, 2013, Judge Finch denied the plaintiffs' motion.

*Samuel v. Virgin Islands Joint Board of Elections*
Civil No. 2012-94
Order
Page 4

The Supreme Court has stated that the purpose of Section 455 is "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias. . . . Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *Krell v. Prudential Ins. Co. of Am.* (*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*), 148 F.3d 283, 343 (3d Cir.1998) (internal quotations omitted); *see also Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality.") "[W]hether to recuse from hearing a matter lies within the sound discretion of the trial judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).

Here, the plaintiffs assert five grounds for recusal. First, the plaintiffs argue that the Court, by resolving *Police Benevolent Association v. Government of the Virgin Islands*, Civil No. 1:11-cv-68, and related cases, within approximately nine months, inordinately delayed resolution of that matter. Specifically, the plaintiffs assert that the undersigned should recuse due to "excessive, months-long delay in hearing and deciding the urgent matter of Civ. No. 1:11-CV-68, *St. Croix Federation of Teachers et al., and Police Benevolent Association et al v. Government of the Virgin Islands et al.* . . . ." (Mot. to Recuse 2, ECF No. 68.) Second, the plaintiffs assert that the undersigned's reasons for denying a petition for a temporary restraining order in "*Colleen Clark, and VI Action Group, Inc., v John Abramson, Jr., et al.*, Civ. No. 1:11-CV-68 . . . ," overlooked "the weightier matter of public interest as to [Senator Alicia Hansen's]

*Samuel v. Virgin Islands Joint Board of Elections*
Civil No. 2012-94
Order
Page 5

eligibility and qualification as a candidate, which preempts nomination, according to Section 6(b) of the Revised Organic Act of 1954." (*Id*. at 2-3.) Third, the plaintiffs argue that the recent election of the undersigned's sister, Judy Gómez, to the St. Thomas/St. John Board of Education presents a "potential for bias and conflict of interest to preserve his sisters' [sic] election." (Mot. to Recuse 3.) Fourth, the plaintiffs argue that "[t]he Attorney General's office is actively conducting an investigation into the 2012 general election," and thus there exists a potential for bias because the position of Assistant Attorney General is held by the undersigned's sister, Judy Gómez. (Mot. to Recuse 4.) The fifth ground asserted for recusal seems to argue that the undersigned wrongly decided the plaintiffs' petition, in the instant matter, for a temporary restraining order.

Arguments one, two, four, and five, do not point the Court to any factual indication that the undersigned's administration of this case will be anything other than impartial. Moreover, the first two arguments seem to be attempts by the plaintiffs to simply register their disagreement with some of the undersigned's previous decisions. The plaintiffs do not explain the relationship of the undersigned's disposition of those matters to any alleged appearance of bias or impartiality in the instant matter. Such arguments are not sufficient bases upon which to grant a motion for recusal. *See* 28 U.S.C. § 455 (listing appropriate bases for recusal); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis" for recusal). Although the plaintiffs' arguments have not been completely fleshed out, the Court finds, on the basis of grounds one, two, four, and five, that no reasonable person could question the undersigned's impartiality in this matter.

On first blush, the third ground for recusal—the potential for a remedy that would require

the undoing of Judy Gómez's Board of Education victory—gives the Court some pause. A closer examination, however, reveals that the plaintiffs' assertion in this regard, like their other assertions, is without support in law. To begin, the potential for bias is raised only if such a remedy is available. As will be discussed below, it is not.

In the plaintiffs' prayer for relief they request that the Court prevent the defendants "from conducting the swearing in ceremony of *all* candidates scheduled for January 8, 2013." (Am. Compl. 19, ECF No. 33) (emphasis added.) Granting such relief could have an impact on the ability of all successful candidates, including Judy Gómez, to be sworn into their newly elected positions on the currently scheduled date. Nonetheless, the Court is not required to take the movants' argument at face-value. *See United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) ("Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations."). Rather, the Court must determine for itself whether there exists an adequate basis for recusal. *See generally Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (explaining that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").

Including a "prayer for relief" in a complaint is not a requirement. *See generally Etienne v. Oyake*, 347 F. Supp. 2d 215, 220, Civil No. 1:00-99 (D.V.I. App. Div. 2004) ("it is axiomatic that the prayer for relief is not determinative of the sufficiency of the complaint . . ."). Such a prayer is merely superfluous. It is the province of the Court to determine the remedies available to a plaintiff on the basis of the causes of action asserted in the complaint. *See id*. That determination has been made in this case, albeit not in the plaintiffs' favor.

*Samuel v. Virgin Islands Joint Board of Elections*
Civil No. 2012-94
Order
Page 7

      Indeed, in denying the plaintiffs' motion for a preliminary injunction in this matter, Judge Finch explained

> As an initial matter, it is important to clarify what relief this Court has the potential to grant, and what relief it does not. Plaintiffs request both decertification of the November 2012 election and that Defendants be enjoined from conducting the January 2013 swearing-in ceremonies of all candidates. In *Democratic Party of the Virgin Islands v. Bd. Of Elections*, St. Thomas-St. John, 649 F. Supp. 1549 (D.V.I. 1986), the district court was asked to enjoin the taking of the oath of office by any person elected to the Legislature. The Court declined to do so because "the Legislature is obviously not a party to this action, and . . . because we believe it would unnecessarily impinge upon the authority of the Legislature itself to directs its matter of organization." *Id*. at 1553. The Court cited Section 6(g) of the Revised Organic Act of 1954 as likely applying in that circumstance: "The legislature shall be the sole judge of the elections and qualifications of its members . . ." *Id*. at 1554. While Democratic Party did not cite the political question doctrine, this is precisely the kind of circumstance where that doctrine would apply: The decision concerning who is appropriately seated as a member of the Legislature is "demonstrably committed to a coordinate political department" – that of the legislative branch. *See Roudebush v. Hartke*, 405 U.S. 15, 19 (1972) ("Which candidate is entitled to be seated in the Senate is, to be sure, a nonjusticiable political question[.]"). Accordingly, this Court lacks jurisdiction to enjoin the swearing in of Legislative candidates.

(Mem. Op. Den. Mot. Prelim. Inj. 9-10, Jan. 6, 2013, ECF No. 76) (alteration in original.) As articulated by Judge Finch, the injunction sought by the plaintiffs in their prayer for relief is not an available remedy in this instance. Thus, it is not clear that there exists a "potential for bias and conflict of interest" as asserted by the plaintiffs in their third argument for recusal. As such, the plaintiffs' argument for recusal on the basis that the undersigned might improperly act to "preserve his sisters' [sic] election," is unpersuasive. (Mot. to Recuse 3.)

      The Court also notes that none of the plaintiffs ran for the position which is to be held by

Judy Gómez—a seat on the Board of Education. Rather, "Plaintiff Norma Pickard-Samuel was a federal candidate for the territory-wide position of Delegate to Congress in the November 2012 elections; Plaintiff Wilma Marsh-Monsanto was a candidate for the territory-wide position of Senator-at-Large; Plaintiff Lawrence Olive was a candidate for the St. Thomas District position as Senator for the 30th Legislature; and Plaintiffs Diane Magras and Harriet Mercer were candidates for the St. Thomas/St. John Board of Elections." (ECF No. 76) (citing ECF No. 33, ¶¶ 7-11.) As such, it is not evident that the interests of the plaintiffs in this matter are adverse to those of Judy Gómez.

While the Court concludes that the bases asserted by the plaintiffs for recusal are legally deficient, the reassignment of the case obviates the need for the Court to enter an order disposing of the motion on the merits. *See generally Oparaji v. North East Auto-Marine Terminal*, 437 Fed. Appx. 190, 193 n. 1 (3d Cir. 2011) (explaining that "[a] motion is moot when a court is unable to fashion any form of meaningful relief" and thus "[g]ranting [the motion to recuse] would have been meaningless since [the] case was no longer assigned to" the judge at which the motion was directed).

The premises considered, it is hereby

**ORDERED** that plaintiffs' motion for recusal of the undersigned district judge is **MOOT**.

S_____<br>
**Curtis V. Gómez**<br>
Chief Judge