**DISTRICT COURT OF THE VIRGIN ISLANDS**
**ST. CROIX DIVISION**

_____

|  |  |  |
|---|---|---|
| NORMA PICKARD SAMUEL, Individually and as a St. Thomas Candidate for Delegate to Congress, WILMA MARSH-MONSANTO, individually and as a St. Thomas candidate for Senate-at-Large, LAWRENCE OLIVE, individually and as a St. Thomas Candidate for the 30th Legislature, DIANE MAGRAS, Individually and as a St. Thomas candidate for Board of Elections, and HARRIET MERCER, individually and as a St. Thomas Candidate for Board of Elections, | ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| vs. | ) ) | Civil No. 2012-0094 |
| VIRGIN ISLANDS JOINT BOARD OF ELECTIONS, ST. CROIX BOARD OF ELECTIONS, ST. THOMAS-ST. JOHN BOARD OF ELECTIONS, JOHN ABRAMSON, Jr., as supervisor of Elections, RUPERT ROSS, JR., as chairman of the St. Croix Board of Elections, Alecia Wells, as chairwoman of the St. Thomas-St. John Board of Elections, | ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

_____)

**Appearances:**

**Norma Pickard Samuel,** *Pro Se*
St. Thomas, U.S.V.I.

**Wilma Marsh-Monsanto,** *Pro Se*
St. Thomas, U.S.V.I.

**Lawrence Olive,** *Pro Se*
St. Thomas, U.S.V.I.

**Diane Magras,** *Pro Se*
St. Thomas, U.S.V.I.

**Harriet Mercer,** *Pro Se*
St. Thomas, U.S.V.I.

**Tamika M. Archer, Esq.**
**Ariel Smith-Francois, Esq.**
St. Thomas, U.S.V.I.
      *For the Defendants*

## MEMORANDUM OPINION AND ORDER

**Finch, Judge**

THIS MATTER comes before the Court on "Plaintiffs' Motion to Reconsider and Alter Judgment," filed on January 11, 2013. (Dkt. No. 81). Plaintiffs, proceeding *pro se*, seek reconsideration of the Court's January 6, 2013 Memorandum Opinion and Order denying their motion for a preliminary injunction in which they sought to enjoin the swearing-in of Virgin Islands officials elected in the November 6, 2012 general election and to decertify that election. (Dkt. No. 33).

In their motion to reconsider, Plaintiffs contend that the Court erred in overlooking their argument that the use of voting machines in the November 2012 general election that were not certified by the Election Assistance Commission ("EAC") violated Act 7334. (Dkt. No. 81 at 2). In particular, they contend that the Court did not address their claim for relief that the Court declare the Attorney General's instruction to use non-EAC certified voting machines contravened Act 7334 and was illegal. *Id.* at 6. Plaintiffs also complain that the Court attributed an argument to them—that Defendants violated Section 301 of the Help America Vote Act ("HAVA") by using non-EAC-certified voting machines in the 2012 elections—when they did

not make such a claim. *Id.* at 15. Defendants did not file an opposition to Plaintiffs' Motion to Reconsider.

A motion for reconsideration must be based on at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available. . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Such motions "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

Plaintiffs rely on the third factor as grounds for their motion, claiming that the Court's purported failure to consider their Act 7334 argument, and addressing an argument they did not make, constitute manifest injustice. "'In the context of a motion to reconsider, manifest injustice "[g]enerally, [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose,* 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)).

Contrary to Plaintiffs' assertions, the Court did address Plaintiffs' claims that the use of non-EAC-certified voting machines violated local election law—which necessarily includes Act 7334. Act No. 7334 (Bill No. 29-0047) was enacted by the Twenty-Ninth Legislature of the Virgin Islands during its 2011 Regular Session. Plaintiffs focus on Section 3 of Act 7334, which amended Act No. 5281 (Bill No. 17-0100), Section 3, subsection (a), by striking certain language and inserting "only those voting machines and equipment that are EAC certified pursuant to The

Help America Vote Act of 2002 (HAVA), Public Law 107-252, for Primary, General and Special elections shall be utilized as the official voting systems or equipment." (Dkt. No. 81-1 at 4). Act No. 5281 is incorporated as a note to 18 V.I.C. § 661. The Court addressed Plaintiff's concerns in the context of the constitutional violations Plaintiffs had alleged in their Complaint pursuant to 42 U.S.C. § 1983—that violations of HAVA and local election laws violated their equal protection and due process rights. With regard to the due process claim, the Court considered Plaintiffs' allegation that the November 2012 election suffered from certain irregularities—such as the fact that the voting machines were not EAC-certified. The Court found that Plaintiffs were not entitled to the extraordinary relief of a preliminary injunction because they had not alleged a violation of any life, liberty, or property interest (procedural due process), nor did their allegations questioning the validity of the vote tabulation on non-EAC-certified machines "rise to the level of widespread fraud—fundamental unfairness—requiring the invalidation of an election" (substantive due process). (Dkt. No. 76 at 14). The Court cited numerous cases in which courts had drawn a distinction between "'garden variety' election irregularities and pervasive errors that undermine the integrity of the vote." *Id.* (quoting *Bennett v. Yoshina*, 140 F.3d 1218, 1226 (9th Cir. 1998)).

The gravamen of Plaintiff's motion for reconsideration, however, is that Defendants violated the provisions of local election law (Act 7334), not that Defendants violated their constitutional rights or that the Court erred in finding that Plaintiffs did not meet the standard for a preliminary injunction—specifically, whether Plaintiffs' claims had a reasonable probability of success on the merits and whether they would be irreparably injured by the denial of such relief. This is a merits-based argument. Even so, Plaintiffs do not allege a violation of a constitutional right, which is a necessary prerequisite for their § 1983 lawsuit. Violations of local election laws

are properly litigated in state court unless a constitutional violation has been alleged. *See Shannon v. Jacobowitz*, 394 F.3d 90, 94, (2d Cir. 2005) ("Because the states traditionally have authority over their own elections and because the Constitution contemplates that authority, courts 'have long recognized that not every state election dispute implicates federal constitutional rights.'") (quoting *Burton v. Georgia*, 953 F.2d 1266, 1268 (11th Cir. 1992)); *Griffin v. Burns*, 570 F.2d 1065, 1076 (1st Cir. 1987) (opining that while the Constitution affords federal courts the power to intervene and invalidate local elections, only exceptional circumstances warrant the exercise of that power).

In sum, the Court did not overlook Plaintiffs' arguments concerning Act 7334, as incorporated in Virgin Islands Code, Title 18, when it denied Plaintiffs' motion for a preliminary injunction.

Plaintiffs also assert that the Court erred because it attributed an argument to them—that Defendants violated Section 301 of HAVA—when they did not make that claim. In fact, because it was not altogether clear whether Plaintiffs were asserting a claim under HAVA, the Court wrote "*to the extent* that Plaintiffs have alleged a § 1983 claim under HAVA, the Court finds that they would not succeed on the merits of such claim." (Dkt. No. 76 at 15) (emphasis added). The Court addressed this matter in an effort to assess the likelihood of success on all causes of action that Plaintiffs alleged in their Complaint, or that the Complaint could be read as alleging. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (noting that pleadings and other submissions by *pro se* litigants are subject to liberal construction). As a result, the Court did not err in addressing this argument, as Plaintiffs' Complaint could certainly be read as raising this claim. *See* Dkt. No. 33, ¶ 53 ("Defendants, acting under the color of law, are administering the

right of Virgin Islanders to vote and run for public office in elections is in a manner inconsistent with the Mandates of the Help America Vote Act (HAVA), and federal and local election law.").

Accordingly, it is hereby

**ORDERED** that "Plaintiffs' Motion to Reconsider and Alter Judgment" (Dkt. No. 81) is **DENIED.**

**SO ORDERED.**

February 1, 2013

_____/s/_____
RAYMOND L. FINCH
Senior District Judge